## MORRIS et al. v. WINN.

The evidence being materially different from that appearing in the record when this case was before this court at the March term, 1894 (94 *Ga.* 452), and there being in the present record testimony which, if true, tended to show that the contract of sale was complete and the mule delivered to the purchaser at the place where the contract was made, followed by a supplemental and distinct contract on the part of the seller to send the animal, for the purchaser, to another place, it was error to direct a verdict for the plaintiff, upon the theory that no conclusion could be drawn from the evidence except that the contract of sale included delivery at the latter place and nowhere else. The case should have been submitted to the jury.

May 23, 1896. By two Justices. Argued at the last term.

Complaint.    Before Judge Janes.    Paulding superior
court.   August term, 1895.

*G. P. Roberts*, and *J. J. Northcutt*, for plaintiffs in
error.   *Bartlett & Washington* and *J. W. Moore*, contra.

LUMPKIN, Justice.

This case was before this court at the March term, 1894.
It appears that Winn bought a mule from Morris and Cath-
cart, in Atlanta, paid them for it $70, and also $1.80 more
to deliver the mule at Watson's stable, in Douglasville,
which they agreed to do.   The mule was never delivered
at that stable, but at another in the same town, where it died
without ever have been received by Winn.   He brought
his action against the sellers for the money paid.   A verdict
was rendered in their favor, and this court reversed the
judgment of the trial court denying the plaintiff a new trial.
94 *Ga.* 452.   The official report there appearing does not
fully set forth the evidence, but the record then before us
showed plainly and unequivocally that the contract between
Winn and Morris and Cathcart embraced as a part thereof
an express stipulation for the delivery of the mule at Wat-
son's stable in Douglasville, and that this was a vital and
essential feature of that contract.   With that evidence
before the court, we held, in effect, that the sellers ought to
have been adjudged liable to the purchaser for the breach
of their contract.

The case was tried again, and the judge below directed a
verdict for the plaintiff.   Had the evidence been the same
as on the former trial, this action by the judge would have
been sustained; but the evidence introduced upon the last
trial, and which comes up to us in the present record, is
essentially different from that offered at the first trial.   In
the brief of evidence now before us, there was evidence for
the defense which (if true) tended to show that the contract
of sale was complete and the mule was actually delivered to
Winn in Atlanta, and that this complete and distinct con-

tract was followed by a supplemental agreement on the part of Morris and Cathcart to send the mule, for Winn, to Douglasville. There was also evidence in behalf of Winn tending to prove what we have already stated unequivocally appeared at the first trial.

We do not, of course, undertake to say what the real truth of the matter is; but we feel sure it was not a case for the direction of a verdict, and should have been submitted to the jury for determination.          *Judgment reversed.*